1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN and ANNA NEWSOM,<br><br>                  Plaintiffs,<br><br>vs.<br><br>JP MORGAN BANK, NA; CHASE HOME FINANCE LLC; WASHINGTON MUTUAL BANK, FA; CALIFORNIA RECONVEYANCE COMPANY; and DOES 1-20 inclusive,<br><br>                  Defendants. | CASE NO. 12CV2285-MMA (BLM)<br><br>**ORDER DENYING *EX PARTE* REQUEST FOR INJUNCTIVE RELIEF**<br><br>[Doc. No. 2] |

      This matter comes before the Court on Plaintiffs' "Ex Parte Notice, Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction." [Doc. No. 2.] The Court has considered the pleadings filed in support of the application and the remainder of the file and **DENIES** the application for the reasons stated herein.

      I.     <u>Procedural and Factual History</u>

      On September 19, 2012, Plaintiffs John Newsom and Anna Newsom, proceeding *pro se*, filed the instant action alleging violations by Defendants JP Morgan Bank, N.A., Chase Home Finance, LLC, Washington Mutual Bank, FA, and California Reconveyance Company (collectively "Defendants") of various state laws and federal regulations. [Doc. No. 1.] At the same time, Plaintiffs filed an application for a temporary restraining order ("TRO"), preventing the sale

1  scheduled for September 24, 2012 of their home located at 13637 Browncroft Way, El Cajon, CA

2  92021.[1]  [Doc. No. 2, p. 2.]  In addition, Plaintiffs request the Court issue an order requiring

3  Defendants to show cause why a preliminary injunction should not issue, preventing the sale of

4  Plaintiffs' home during the pendency of this action.

5          II.     Discussion

6          Rule 65(b) of the Federal Rules of Civil Procedure provides that a court may issue a TRO

7  without notice to the adverse party where "specific facts in an affidavit or a verified complaint

8  clearly show that immediate and irreparable injury, loss, or damage will result to the movant . . . ."

9  FED. R. CIV. P. 65(b)(1)(A).  The movant must also certify in writing any efforts made to give notice

10 and the reasons why it should not be required.  FED. R. CIV. P. 65(b)(1)(B).  Although the restrictions

11 imposed are stringent, these restrictions "reflect the fact that our entire jurisprudence runs counter to

12 the notion of court action taken before reasonable notice and an opportunity to be heard has been

13 granted both sides of a dispute."  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck*

14 *Drivers*, 415 U.S. 423, 438–39 (1974).  The Ninth Circuit has cautioned that there are very few

15 circumstances justifying the issuance of an *ex parte* TRO.  *Reno Air Racing Assoc., Inc. v. McCord*,

16 452 F.3d 1126, 1131 (9th Cir. 2006).  Such circumstances include "a very narrow band of cases in

17 which *ex parte* orders are proper because notice to the defendant would render fruitless the further

18 prosecution of the action."  *Id.* (*quoting Amer. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th

19 Cir.1984)).

20         As a preliminary matter, it appears Plaintiffs have not satisfied the notice requirements set

21 forth in Rule 65(b).  Plaintiffs attach a declaration to their request for a TRO which alleges that

22 copies of Plaintiffs' complaint and application for a TRO were emailed to Defendants.  [Doc. No. 2,

23 p. 9-10.]  However, the declaration is unsigned and provides conflicting names of the declarant

24 ("Tom Clark" and "Anna Kovalenko").  [*Id.*]  In light of this, the Court cannot accept the

25 declaration.  Further, Plaintiffs do not provide any reasons why notice should not be required.

26         Additionally, even if the Court were satisfied that Plaintiffs had given notice to Defendants,

27

28         ───────────────────

[1]  The relevant factual history, as alleged by Plaintiffs, is contained in the Application for the
TRO under the heading "Summary of Facts."  [Doc. No. 2, pp. 3-5]

12CV2285

1  ultimately Plaintiffs have failed to meet their burden for preliminary relief.  The standard for

2  obtaining a temporary restraining order is generally the same as the standard for obtaining a

3  preliminary injunction.  The party moving for a preliminary injunction must show "that he is likely

4  to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

5  relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

6  *Winter v. Natural Resources Def. Council, Inc.*, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008).

7          While the Court is aware that losing one's primary residence constitutes irreparable harm,

8  *see Hernandez v. Downey S&L Ass'n*, 2009 U.S. Dist. LEXIS 21495, at *26 (S.D. Cal. 2009), such

9  irreparable harm cannot completely displace a showing of a likelihood of success on the merits.

10  And, considering the facts alleged in the complaint, it appears unlikely Plaintiffs will succeed on the

11  merits at trial.

12          For instance, Plaintiffs claim they are entitled to "quiet title" to the property.  However,

13  under California law, a borrower may not assert quiet title against a mortgagee without first paying

14  the outstanding debt on the property.  *See Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994) ("a

15  mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee")

16  (citation omitted).  Plaintiffs have not alleged that they have paid the outstanding debt on the

17  property, or can do so.  Therefore, the Court finds that there is little likelihood of success on this

18  claim.

19          Plaintiffs' other claims include alleged violations of the Truth in Lending Act ("TILA"), 15

20  U.S.C. section 1601, *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C.

21  section 2601, *et seq.*, and the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C.

22  section 1639, *et seq.*, but the statute of limitations appears to have run on these claims.  And while

23  the Court makes no findings with respect to the timeliness of the damages-related claims, it appears

24  that some or all of the claims arising from the alleged disclosure deficiencies may be time barred as

25  the purported violations would have occurred at the time the loan closed in August 2004.

26          Also, it appears that Plaintiffs' wrongful foreclosure claim will fail on the merits as they

27  have not alleged that they tendered the full amount owed on the loan.  *See Pantoja v. Countrywide*

28  *Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1183-84 (N.D. Cal. 2009) ("Under California law, in an

action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a valid and viable tender [offer] of payment of the indebtedness" (citations and quotation marks omitted).); *see also Alcaraz v. Wachovia Mortgage FSB*, 592 F. Supp. 2d 1296, 1304 (E.D. Cal. 2009) ("'A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.'") (*citing Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 92 Cal. Rptr. 851 (Ct. App. 1971)).

Further, Plaintiffs' negligence claim is unlikely to succeed because, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Hart Federal Savings & Loan Assn.,* 231 Cal. App. 3d 1089, 1096 (1991).

The Court will not individually address the remainder of Plaintiffs' claims, but the Court has read and considered them and is not persuaded that Plaintiffs are likely to succeed on any of these claims.

In sum, even if Plaintiffs had met the notice requirements, Plaintiffs have failed to show that they are likely to succeed on the merits of their claims, that the balance of equities tips in their favor, or that granting the motion is in the public's interest. *See Winter*, 129 S. Ct. at 374. As such, the Court shall not issue a TRO, or any further injunctive relief at this time.

Accordingly, the Court **DENIES** Plaintiffs' *ex parte* application.

**IT IS SO ORDERED**.

DATED: September 20, 2012

Hon. Michael M. Anello
United States District Judge

12CV2285